IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDRA MCGURGAN,<br>*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-23-CV-01147-XR |
| WAL-MART STORES TEXAS, LLC,<br>*Defendant* | §<br>§<br>§<br>§ | |

**ORDER**

On this date, the Court considered Defendant's motion to disqualify counsel (ECF No. 17), Plaintiff's response (ECF No. 18), and Defendant's reply (ECF No. 19). After careful consideration, the Court issues the following order.

**BACKGROUND**

On or about August 18, 2021, Plaintiff was allegedly shopping at the Walmart Super Center #5144, located at 8315 FM 78, Converse, Texas 78109. ECF No. 1-1 at 3. While shopping, she allegedly slipped and fell in an aisle near the frozen food section due to a watery substance on the floor. *Id.* at 4. At the time of the fall, Plaintiff alleges, she was not warned of the allegedly dangerous condition. *Id.* at 4–5. Because of the fall, Plaintiff allegedly incurred serious, significant, permanent, and life-altering injuries and damages. *Id.* at 6–7.

Plaintiff brought suit in the 73rd Judicial District Court of Bexar County, Texas against Defendant Wal-Mart Stores Texas, LLC. ECF No. 1-1 at 3–9. In her petition, Plaintiff asserts negligence, negligence per se, and negligent hiring, supervision, training, or retention. *Id.* Subsequently, on September 14, 2023, Defendant removed to this Court on the basis of diversity jurisdiction. ECF No. 1.

On March 18, 2024, Defendant moved to disqualify Paul Garcia and Bryan Puente (hereinafter "Plaintiff's Counsel") from representing Plaintiff in the instant action. ECF No. 17. In sum, Defendant argues that Plaintiff's Counsel should be disqualified because they previously represented Defendant in a number of other similar cases.

## DISCUSSION

**I.     Legal Standard**

"Motions to disqualify an attorney are substantive motions determined by standards developed under federal law and are governed by the ethical rules announced by the state and national professions in light of the public interest and rights of the litigants." *Islander E. Rental Program v. Ferguson*, 917 F. Supp. 504, 508 (S.D. Tex. 1996) (citations omitted) (citing *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992)); *see also In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009); *Hillman Grp., Inc. v. KeyMe, LLC*, 439 F. Supp. 3d 845, 851 (E.D. Tex. 2020). The Fifth Circuit's approach to ethical issues is "sensitive to preventing conflicts of interest." *In re ProEducation Int'l, Inc.*, 587 F.3d at 299 (quoting *In re Am. Airlines*, 972 F.2d 605, 611 (5th Cir. 1992), *cert. denied*, 507 U.S. 912 (1993)). A "[d]istrict [c]ourt is obliged to take measures against unethical conduct occurring in connection with any proceeding before it." *In re Am. Airlines*, 972 F.2d at 611; *see In re ProEducation Int'l, Inc.*, 587 F.3d at 299-300. "Yet, '[d]epriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration.'" *In re ProEducation Int'l, Inc.*, 587 F.3d at 300 (quoting *FDIC v. U.S. Fire Ins.*, 50 F.3d 1304, 1313 (5th Cir. 1995)). This considered, disqualification "must not be imposed cavalierly." *Id.*

"When considering motions to disqualify, courts should first look to 'the local rules promulgated by the local court itself.'" *In re ProEducation Int'l, Inc.*, 587 F.3d at 299. Western

District of Texas Local Rule AT-7(a) states "[m]embers of the bar of this court and any attorney permitted to practice before this court must comply with the standards of professional conduct set out in the Texas Disciplinary Rules of Professional Conduct." W.D. Tex. Local Rule AT-7(a). The Fifth Circuit has made clear, however, that "the Texas Rules 'are not the sole authority governing a motion to disqualify.'" *In re ProEducation Int'l, Inc.,* 587 F.3d at 299 (*quoting In re Am. Airlines,* 972 F.2d at 610).

## II.   Analysis

Defendant argues that disqualification is necessary in this matter under Texas Disciplinary Rule of Professional Conduct 1.09[1] as (1) Plaintiff's firm, Paul Garcia & Associates, previously "represented Walmart, at a minimum, in premises liability claims in [numerous] matters and jurisdictions," and as a result, (2) "had otherwise unavailable access to store procedures and processes, asset protection and investigative policies, and Walmart associates in general" and "access to confidential information regarding the litigation management process, including case resolution strategies and conferences which are reserved only for its premises liability attorneys." ECF No. 17 at 3–12.

In response, Plaintiff contends that (1) Defendant waived its complaint as it did not timely move for disqualification of counsel, and (2) Defendant failed to demonstrate—with the requisite

---

[1] Texas Rule 1.09 generally prohibits a lawyer from representing a client in a matter adverse to that lawyer's former client where the matter is the same or substantially related to the matter in which the lawyer represented the former client. Texas Rule 1.09(a) specifically provides:

> Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client; (1) in which such other person questions the validity of the lawyer's services or work product for the former client; (2) if the representation in reasonable probability will involve a violation of Rule 1.05; or (3) if it is the same or a substantially related matter.

TEX. DISCIPLINARY RULES OF PRO. CONDUCT R. 1.09.

specificity—a substantial relationship between the subject matter of the present and former representations as required for this Court to grant Defendant's motion. ECF No. 18 at 2–5.

"A party seeking to disqualify an attorney in the Fifth Circuit on the ground of prior representation must establish: '(1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and (2) a substantial relationship between the subject matter of the former and present representations.'" *Azad v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:19-CV-312-E (BH), 2019 WL 10888765, at *3 (N.D. Tex. Nov. 12, 2019) (quoting *In re Am. Airlines, Inc.*, 972 F.2d at 614).

To begin, there is no dispute that Plaintiff's counsel previously represented Defendant in a number of suits. *Compare* ECF No. 17 *with* ECF No. 18. Accordingly, the Court need only address (1) whether Defendant has shown a substantial relationship between the subject matter of its present and former representations, and (2) whether Defendant waived the conflict by waiting to file its motion until March 2024.

    a. *Substantial Relationship*

A conflict of interest with a former client arises if a lawyer's current representation bears a "substantial relationship between the subject matter of the former and present representations." *In re Am. Airlines*, 972 F.2d at 614–15. Further, "a substantial relationship may be found only after 'the moving party delineates with specificity the subject matters, issues and causes of action' common to prior and current representations and the court engages in a 'painstaking analysis of the facts and precise application of precedent.'" *Am. Airlines, Inc.*, 972 F.2d at 614 (quoting *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1029 (5th Cir. 1981)). To that end, "[t]he party seeking disqualification bears the burden of proving that the current and prior

representations are substantially related." *Azad*, 2019 WL 10888765, at *3 (citing *American Airlines*, 972 F.2d at 614).

Here, though Defendant lists seventy-six cases that are allegedly similar to the instant case, Defendant fails to demonstrate a substantial relationship between the subject matter of the present and former representations with the requisite specificity. For example, in *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* the Fifth Circuit reversed a district court's grant of a motion to disqualify counsel as the movant had failed to provide the level of information necessary to allow the district court to properly find a substantial relationship between the subject matter of the present and former representations. 646 F.2d at 1029 ("Merely pointing to a superficial resemblance between the present and prior representations will not substitute for the careful comparison demanded by our cases."), *disavowed on other grounds as stated in Gibbs v. Paluk*, 742 F.2d 181, 185 (5th Cir. 1984). According to the Fifth Circuit, "[m]erely stating that the previous representation involved securities work, conferences with Merrill Lynch employees, and the preparation of various legal documents provide[d] the district court with no opportunity to engage in a 'painstaking analysis of the facts.'" *Duncan*, 646 F.2d at 1029. Similarly, here, Defendant asserts that many of the seventy-six cases listed "included slip and fall injuries" and asserts that in the course of their prior representation, Plaintiff's Counsel had access to confidential store procedures and processes giving them special knowledge of investigative procedures. ECF No. 17 at 2–12. But these statements amount to general assertions that lack the specificity needed to allow this Court to properly evaluate whether there is a substantial relationship between the subject matter of the present and the former representations. At first glance, it may appear that many of the Defendant's risk management policies would generally apply to all slip and fall cases, but this Court cannot base a disqualification decision when the Defendant has failed to tender affidavits

that provide the necessary detail required by the Fifth Circuit. In addition, even though Defendant argues that counsel had access to information not generally publicly disclosed, it is uncertain how much of that information may already be known amongst the personal injury bar due to disclosures in depositions, discovery, and settlement/verdict disclosures. Accordingly, the Court holds that Defendant failed to carry its burden in moving to disqualify Plaintiff's Counsel.

    b. *Waiver*

In addition, the Court finds that waiver has occurred because Defendant has known of the representation in this case since at least August 18, 2023 (the date service was made in this case), yet this motion was not filed until March 18, 2024, with no satisfactory explanation for the delay.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to disqualify (ECF No. 17).

It is so **ORDERED**.

**SIGNED** this 7th day of May, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE